KM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Floyd Smith,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Unknown, et al.,<br><br>　　　　　　Defendants. | No.   CV-22-02113-PHX-JAT (CDB)<br><br>**ORDER** |

　　　　Pending before the Court are pro se Plaintiff Floyd Smith's Motion for Status (Doc. 12) and Second Amended Complaint (Doc. 14).  The Court will grant the Motion for Status to the extent this Order informs Plaintiff of the status of this case and dismiss the Second Amended Complaint and this action.

**I.　　Background**

　　　　On December 14, 2022, Plaintiff, who is confined in the Arizona State Prison Complex-Lewis and proceeding in forma pauperis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  In a January 19, 2023 Order, the Court dismissed the Complaint with leave to amend.  On February 23, 2023, Plaintiff filed a First Amended Complaint, which the Court also dismissed with leave to amend.

　　　　On April 11, 2023, Plaintiff filed a Motion for Status.  On May 11, 2023, he filed a Second Amended Complaint.

. . . .

. . . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**III.  Second Amended Complaint**

Plaintiff names the following Defendants in his two-count Second Amended Complaint: Tactical Support Unit (TSU) Officers Brown, John Doe 1, John Doe 2, John Doe 3, and John Doe 4. Plaintiff seeks injunctive relief and money damages.

In Count One, Plaintiff alleges violations of his Eighth Amendment right to be free from excessive force. Plaintiff claims that on April 27, 2022, Defendant Brown was part of the TSU that conducted a search in Plaintiff's pod at the prison. All inmates had to be searched and pass through a metal detector; Plaintiff set off the metal detector because he had metal in his body. He was handcuffed. Because Plaintiff has a dislocated right shoulder, he requested the officers use two sets of cuffs to eliminate stress on the shoulder. Defendant Brown and others "got mad over that request and said they were not playing." Defendant Brown then "grabbed Plaintiff's right shoulder and escor[t]ed him outside," where Plaintiff was told to lay in the dirt on his stomach. Plaintiff had trouble breathing and asked if he could change positions. He claims "no was the answer which shows retaliation and pain was the goal of the search." Plaintiff states he is seriously mentally ill and Defendants' actions made his condition worse.

A nurse "showed up with medications" and "Plaintiff was denied those needed medications." Plaintiff contends "his PTSD symptoms began" and Defendants Doe 1 and Doe 2 "picked up the Plaintiff and took him inside as he was not responding well." After some time, Plaintiff was taken back outside to again lay in the dirt, facedown. Plaintiff was later allowed to see a "mental health person and that is when he was able to take his medications and water." Plaintiff alleges the search was "retaliation due to a correction[al] officer [having been] attacked by another inmate – but everybody 'pays the price.'" Plaintiff states the inmate responsible for the attack was moved out of the unit the previous day.

As his injury, Plaintiff alleges he was placed on suicide watch for "awhile," denied timely medications and water, and had "dirt and other items on and in [his] body from lying face down on dirt."

In Count Two, Plaintiff claims his property was confiscated without due process, in violation of the Fifth and Fourteenth Amendments. Plaintiff alleges Defendants Doe 3 and Doe 4 confiscated his property "in retaliation for an officer being attacked by an inmate the day before." Plaintiff asserts this is a due process violation.

### IV. Failure to State a Claim

#### A. Count One

When a prisoner claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). However, the Supreme Court has made it clear that not every use of physical force violates the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028, 1033 (2nd Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

*Id.* at 9.

Plaintiff's facts suggest the force used against him was applied as part of an effort to maintain or restore discipline, not maliciously or sadistically for the purpose of causing harm. Plaintiff therefore fails to state an Eighth Amendment excessive force claim.

To the extent Plaintiff may intend to raise an Eighth Amendment threat-to-safety claim, he has also failed to state a claim. To state an Eighth Amendment conditions-of-confinement or threat-to-safety claim, plaintiffs must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations

omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

The period of time that Plaintiff was restrained on the ground and his medications delayed appears to be relatively brief. Plaintiff has not alleged facts showing that Defendants' actions placed him at substantial risk of suffering serious harm, that Defendants were actually aware of this risk, and that they failed to act. Plaintiff has therefore failed to state a claim in Count One.

**B.     Count Two**

In Count Two, Plaintiff alleges Defendants Doe 3 and Doe 4 wrongfully confiscated his property, without due process, as part of punishment on Plaintiff's unit for another inmate attacking an officer. Unauthorized and intentional deprivations of a prisoner's property do not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy. *Id.* at 534-35. Moreover, Arizona provides a meaningful and adequate post-deprivation remedy through the prison grievance system, specifically Department Order 909(8.0). *Dennison v. Ryan*, 522 F. App'x 414, 417-18 (9th Cir. 2013); *Aldrete v. Ariz. Dep't of Corr.*, 2011 WL 30959, at *7 (D. Ariz. Jan. 3, 2011); *see also Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (both state tort claims *and* prison grievance procedures provide adequate post-deprivation remedies). Accordingly, Plaintiff has failed to state a claim in Count Two.

. . . .

**V.     Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's April 13, 2023 Motion for Status (Doc. 12) is granted to the extent this Order informs Plaintiff of the status of this case.

(2)     The Second Amended Complaint (Doc. 14) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(3)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 25th day of May, 2023.

_____
James A. Teilborg
Senior United States District Judge